MANN, Chief Judge.
This marriage lasted 121 days, during which, in an effort to show good faith in spite of constant battling, each of the parties conveyed certain assets to the parties jointly as tenants by the entirety. At final hearing the trial judge attempted to do a completely logical thing: he made an effort to restore the status quo ante. In doing so, however, he transferred assets held jointly to the parties individually and we find no warrant in the record for doing this. Mrs. McKay now complains that she is entitled to hold as a tenant in common an undivided one-half interest in the home she and Mr. McKay occupied during the marriage. Since we find no basis on which he can be shown to have a special equity in her half interest and he is not entitled to alimony, we must agree. However, in recognizing her right to an undivided one-half interest in the real estate, we must acknowledge that this has a bearing on her entitlement to other assets similarly treated, to rehabilitative alimony and *767 to attorney’s fees. Consequently the trial judge should take a fresh look at the rights of the parties and enter a final judgment accordingly.
Reversed and remanded.
HOBSON and McNULTY, JJ., concur.